KABATECK BROWN KELLNER LLP
BRIAN S. KABATECK, SBN 152054
RICHARD L. KELLNER, SBN 171416
JOSHUA H. HAFFNER, SBN 188652
644 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 217-5000
Facsimile: (213) 217-5010
bsk@kbklawyers.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF LOS ANGELES
## EASTERN DIVISION

| | |
|---|---|
| JOHN K. CIELINSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WERNER ENTERPRISES, INC. d/b/a/ C.L. WERNER, INC., and DOES 1-10 inclusive,<br><br>Defendant. | Case No. CV10 - 03951 AHM MANx<br><br>**CLASS ACTION COMPLAINT:**<br>1. Breach of Contract; and<br>2. Unjust Enrichment |

Plaintiff John K. Cielinksi ("Plaintiff") brings this action on behalf of himself and all others similarly situated, by way of Class Action Complaint, against Defendant Werner Enterprises, Inc. d/b/a/ C.L. Werner, Inc. ("Werner" or "Defendant"), and alleges the following:

## INTRODUCTION

1. Werner is one of the nation's largest freight transportation and truck hauling companies, employing thousands of truck drivers in the State of California and United States. In or about March 2009, Werner implemented an "incentive plan" which effectively deprived and reduced truck driver compensation. Under

1
**CLASS ACTION COMPLAINT**

the "incentive plan," truck drivers who are designated by Werner to provide on-the-job training to its trainee drivers, could be eligible for a one cent per-mile pay rate increase should a trainer's respective trainee attain a certain safety score benchmark. However, should a trainee receive a safety score less than the safety score benchmark, the trainer had deductions made to his/her per-mile pay rate.

2. Werner's "incentive plan" amounts to nothing more than a systematic per-mile pay rate deduction as to all of its trainer drivers. As a result of its unilaterally implemented "incentive plan," Plaintiff and the class have had their per-mile pay rates systematically and uniformly decreased pursuant to the "incentive plan."

## JURISDICTION AND VENUE

3. The Jurisdiction is proper on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332, in that Plaintiff Representative is a citizen of the State of Tennessee; and Werner is a company incorporated in Nebraska and has one of its largest transportation terminals in Fontana California and employs thousands of employees in the State of California. The aggregate amount of claims exceeds the amount of $5,000,000 exclusive of interest.

4. Venue is proper pursuant to 28 U.S.C. § 1391(a) (3), in that Defendant is doing business in the State of California, County of San Bernardino.

## PARTIES

5. Plaintiff John K. Cielinski ("Plaintiff") is a resident of Tennessee. At all relevant times Plaintiff has been employed by Werner as a trainer driver and has been subject to the per-mile pay rate deductions pursuant to Werner's "incentive plan."

6. Defendant Werner is, and at all relevant times has been, one of the nation's largest logistics and transportation companies. Upon information and belief, Werner's largest transportation terminal is located in Fontana, California. Werner does business in California as C.L. Werner, Inc. At all relevant times has

2

CLASS ACTION COMPLAINT

been authorized to do business in the County of San Bernardino, State of California.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant named herein as DOES 1 through 10, and each of them, are unknown to Plaintiff, who therefore, sues said Defendants by such fictitious names. Plaintiff will ask leave to amend this Complaint to state said Defendants' true identities and capacities when the same have been ascertained.

8. Plaintiff is informed and believes and based thereupon alleges that each of the Defendants designated herein as DOE took part in and participated with Werner in all matters referred to herein and was in some manner responsible for the injuries and losses suffered by Plaintiff and the class.

## FACTUAL BACKGROUND

9. Werner is a transportation and logistics company with coverage throughout the United States, Europe, Asia and Australia and is amongst the five largest truckload carriers in the United States. Werner employs over 9000 employees, of which approximately 2000 are trainer drivers such as Plaintiff himself.

10. Trainer drivers, such as Plaintiff, are truck drivers who are also designated by Werner to train new drivers before the new drivers are assigned to operate a hauling truck on their own. Thus, the new drivers operate a hauling truck with the trainer drivers for a period of six weeks, which is duration of the Werner training program.

11. In or about March 2009, Werner implemented an "incentive plan" for its trainer drivers whereby trainer drivers' compensation would be tied to their trainees' performances once the trainees completed the six week program and were operating a hauling truck on their own. The "incentive plan" would incentivize the trainer drivers by increasing their per-mile pay rate by one cent per-mile where the trainee's safety score met a certain benchmark. However, when a trainee's safety

CLASS ACTION COMPLAINT

score falls below a certain benchmark, the trainer driver's per-mile pay rate is deducted as much as three cents per-mile.

12. Upon implementing the "incentive plan," Werner made the plan retroactive. Werner did not provide any methodology or explanation with respect to per-mile increases or deductions, failed to provide their trainer drivers with modified employment agreements, and failed to seek any agreements or endorsements from the trainer drivers.

13. Plaintiff and members of the class were forced to accept the "incentive plan" and its per-mile pay rate deductions. Plaintiff and the class remain ignorant as to the methodology and manner in which the "incentive plan" is implemented and are continuously subject to the resulting per-mile pay rate deductions.

14. Werner's "incentive plan" amounts to nothing more than a systematic method for implementing a per-mile pay rate deduction as to all of its trainer drivers. As a result of its unilaterally implemented "incentive plan," Plaintiff and the class have had their per-mile pay rates systematically and uniformly decreased pursuant to the "incentive plan."

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action on their behalf and on behalf of a class of all others similarly situated pursuant to Federal Rule of Civil Procedure 23.

16. <u>Description of the Class</u>: The class is defined as all truck drivers in the United States that (i) were designated as trainer drivers by Werner, and (ii) were subject to per-mile pay rate deductions pursuant to the "incentive plan."

17. Excluded from the class are governmental entities, any entity in which Werner has a controlling interest, and Werner's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

18. <u>Numerosity</u>: The Class is estimated to consist of thousands of individual members, such that the joinder of all such persons is impracticable and that the disposition of their claims in a class action rather than in individual actions will benefit the parties and the Court. A great number of the class members are citizens of the United States of America and residents of the State of California. These potential class members are trainer drivers employed by Werner whose per-mile pay rates were systematically decreased and subject to deductions pursuant to the "incentive plan."

19. <u>Common Questions of Fact and Law Predominate</u>: There is a commonality of questions of fact and law and a well-defined community of interests which affect the class, including the following:

    a. Whether Werner breached the employment agreement with the trainer drivers by implementing the "incentive plan";

    b. Whether Werner engaged in a systematic method of deducting per-mile pay rates by setting safety score benchmarks for trainees that it knew were not obtainable;

    c. Whether Werner avoided paying full per-mile pay rates to its trainer drivers;

    d. Whether Werner has been unjustly enriched by failure to pay the full per-mile pay rate due to its trainer drivers;

    f. Whether Werner must pay interest on the unpaid wages earned by its trainer drivers; and

20. <u>Typicality</u>: The claims of the named Plaintiff representative is typical to the claims of the class as a whole. Plaintiff representative is trainer driver whose per-mile pay rate was deducted and systematically decreased as a result of Werner's implementation of the "incentive plan." Plaintiff representative never signed, endorsed or agreed to the "incentive plan."

21. <u>Adequacy of Representation</u>: The named Plaintiff representative provides adequate representation to the class as a whole, because the named Plaintiff's claims are the same as any of the potential class members. The named Plaintiff representative is a trainer driver whose per-mile pay rate was deducted and systematically decreased and his claims are not in conflict with any other potential class members. The named Plaintiff representative seeks to have Werner pay earned wages long overdue and systematically deducted from trainer drivers.

22. Plaintiff has retained counsel with substantial experience in prosecuting complex and class action litigation, including actions involving wage and hour related issues. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interests adverse to those of the Class.

23. <u>Superiority of a Class Action</u>: The questions of law or fact common to the members of the class predominate over individual members' claims. The core claims in this action are that Werner established a systematic methodology for decreasing and deducting per-mile pay rates, which was adverse to the trainer drivers as a whole, and which resulted in thousands of dollars in earned wages unpaid.

24. Individual trials by each class member would be far inferior to class treatment. Discovery of Werner's documents regarding the manner in which it dealt with trainer drivers' per-mile pay rates will be relevant and critical to the good faith and fair dealing claim. The per-mile pay rates, earning statements and wage related policies, all affect the class as a whole and justify class treatment because so many trainer drivers may not be privy to their rights.

25. If each individual claimant now filed a separate action, the discovery requirements and expenses incurred on an individual basis would be so onerous, making such an effort self-defeating on an individual basis. Individual trials raises

the certainty of endlessly duplicated efforts at litigating Werner's misconduct, and raises the probability of inconsistent results undermining the just and equal treatment of the parties.

26. All these reasons justify certifying this case as a class action.

### FIRST CAUSE OF ACTION
### BREACH OF WRITTEN CONTRACT
### (Against Werner and DOES 1-10)

27. Plaintiff incorporates by reference and realleges Paragraphs 1 through 26, as if fully set forth herein.

28. Werner entered into the employment agreements with each member of the trainer driver class, as hereinabove described.

29. The members of the class fully performed all obligations under the employment agreement, including the duty to train new drivers hereinabove described.

30. Werner breached its obligation to pay the trainer drivers their full per-mile pay rates pursuant to their employment agreements. Said breach includes Werner's unilateral implementation of the "incentive plan," which amounts to nothing more than a mechanism to systematically deduct per-mile pay rates and decrease a trainer driver's wages already earned.

31. As a direct and proximate cause of Werner's conduct and breach of their contractual obligations, Plaintiff and class members have suffered damages, including the wages earned but not received and interest from the date of breach. Said sums will be determined according to proof at the time of trial, and exceeds the diversity jurisdictional limit of $5,000,000.00.

///
///
///
///

## SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT
### (Against Werner and DOES 1-10)

32. Plaintiff incorporates by reference and realleges Paragraphs 1 through 31, as if fully set forth herein.

33. Werner actively participated in a scheme whereby it unlawfully and unfairly implemented the "incentive plan" which operated only as a per-mile pay rate reduction. Werner knew and was aware of these unlawful, unfair or deceptive business practices.

34. By wrongfully reducing the per-mile pay rates paid to its trainer drivers, Werner was unjustly enriched at the expense of plaintiff and the class.

35. Werner was aware of the benefit it was receiving as a result of its wrongful acts, and has enjoyed the benefit of its financial gains, to the detriment and the expense of plaintiff and the class.

36. Retention of the monies gained through its wrongful acts and practices would be inequitable considering the circumstances by which Werner obtained these monies.

37. Plaintiff and the class are entitled to and seek restitution from Werner and an order disgorging all profits, benefits, and other compensation obtained by Werner for their wrongful conduct.

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray that judgment be taken in their favor and against Defendants, as follows:

1. For compensatory damages according to proof, including the amounts of the wages earned but not paid by Werner, and interest on the unpaid benefits;

2. For interest as allowed by law;

3. For restitution for the amount of the wages earned but not paid by Werner;

4. For costs of suit incurred herein;

5. For reasonable attorneys' fees where permitted; and

6. For such other and further relief as the Court may deem just and proper.

DATED: May 24, 2010                    KABATECK BROWN KELLNER LLP

By: _____
BRIAN S. KABATECK
JOSHUA H. HAFFNER
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a Jury Trial in this action.

DATED: May 24, 2010                    KABATECK BROWN KELLNER LLP

By: _____
BRIAN S. KABATECK
JOSHUA H. HAFFNER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge A. Howard Matz and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV10- 3951 AHM (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Joshua H. Haffner, SBN: 188652
Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, CA 90017

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| John K. Cielinski, individually and on behalf of all others similarly situated, <br><br> PLAINTIFF(S) <br> v. <br><br> WERNER ENTERPRISES, INC. d/b/a/ C.L. WERNER, INC., and DOES 1-10 inclusive, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV 10 - 03951 AHM <br><br> MANx <br><br> SUMMONS |

TO:   DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Joshua H. Haffner_____, whose address is _Kabateck Brown Kellner LLP, 644 South Figueroa Street, Los Angeles, CA 90017_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**TERRY NAFISI**
Clerk, U.S. District Court

Dated: __MAY 26 2010__         By: _____
                                          Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                             SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
John K. Cielinski, individually and on behalf of all others similarly situated

**DEFENDANTS**
Werner Enterprises, Inc. d/b/a/ C.L. Werner, Inc., and DOES 1-10 inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Joshua H. Haffner, Kabateck Brown Kellner LLP, 644 South Figueroa Street, Los Angeles, CA 90017 (213) 217-5000

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No
☑ **MONEY DEMANDED IN COMPLAINT:** $ Exceeds 5,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | | | | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 441 Voting | | ☐ 830 Patent |
| | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☑ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV 10 - 03951

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

MAY 26 2010

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Tennessee |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date May 24, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |