IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN K. CIELINSKI, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>WERNER ENTERPRISES, INC., and DOES 1-10 inclusive,<br><br>    Defendants. | 8:10CV351<br><br>MEMORANDUM AND ORDER |

  This matter is before the court on the defendant's motion to dismiss, Filing No. 16. This is a purported class action for breach of contract and unjust enrichment that was transferred to this court from the Central District of California on the basis of venue. The defendant contends that the plaintiff's amended complaint fails to state a claim on which relief can be granted. In opposition to the motion, the plaintiff seeks leave to amend the complaint by interlineation to cure the alleged defects in the amended complaint by adding allegations that defendant breached an oral contract to pay an agreed-upon per-mile rate by retroactively reducing it under an incentive plan based on safety scores for drivers who were trained prior to implementation of the plan. Those allegations would clarify that the plaintiff and putative class seek damages for services already rendered, not for a prospective pay reduction.

  Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 n.3. (2007) (*quoting* Fed. R. Civ. P. 8(a)(2)).

"Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (*quoting* Twombly, 550 U.S. at 555).  In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'"  *Id.*  (*quoting* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).  "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555-56.  In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, — U.S. —, —,129 S. Ct. 1937, 1949 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.).

*Twombly* is based on the principles that (1) the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at —, 129 U.S. at 1949-50.  Determining whether a complaint states a plausible claim for

relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Id.* at —, 129 S. Ct. at 1950. Accordingly, under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.*

Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly,* 550 U.S. at 558, 556; *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Twombly,* 550 U.S. at 558; *Iqbal,* — U.S. at —, 129 S. Ct. at 1950 (stating that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'").

With the proposed revisions, the court finds that the plaintiff's amended compliant would state a claim for breach of contract. Further, the amended complaint sets forth allegations that state a claim for unjust enrichment under equitable principles. Accordingly,

IT IS ORDERED

1. The defendant's motion to dismiss (Filing No. 16) is denied.

2. The plaintiff shall file a second amended complaint that conforms to the proposal outlined in the plaintiff's response (Filing No. 60), within 7 days of the date of this order.

3. The defendant shall file its answer within 14 days thereafter.

4. Pursuant to the Order dated November 16, 2010 (Filing No. 59), the parties have thirty (30) days from the date of this order in which to file a planning report with the court under Fed. R. Civ. P. 26(f).

DATED this 16th day of December, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.